UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LERITA TEVERBAUGH,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 17-cv-1522-JM (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 11, 12)** |

This Report and Recommendation is submitted to the Honorable Jeffrey T. Miller, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On July 26, 2017, plaintiff Lerita Teverbaugh filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits and supplemental security income ("SSI"). (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-

motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing the action with prejudice.

## PROCEDURAL BACKGROUND

On September 11, 2013, plaintiff protectively filed applications for a period of disability and disability insurance benefits and SSI under Title II and XVI, respectively, of the Social Security Act, alleging disability beginning January 19, 2013. (Certified Administrative Record ["AR"] 194-203, 204-09.) After her applications were denied initially and upon reconsideration (AR 129-33, 137-41), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 146-47.) An administrative hearing was held on November 18, 2015. Plaintiff appeared at the hearing with counsel, and testimony was taken from her and a vocational expert ("VE"). (AR 32-78.)

As reflected in his January 22, 2016 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from her alleged onset date through the date of the decision. (AR 10-24.) The ALJ's decision became the final decision of the Commissioner on May 26, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 19, 2013, her alleged onset date. (AR 15.)

At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spines, obesity, diabetes mellitus II, and osteoarthritis versus rheumatoid arthritis. (AR 15.)

At step three, the ALJ found that plaintiff did not have an impairment or combination

2

of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 16.)

Next, the ALJ determined that, from the alleged onset date to the date of the decision, plaintiff had the residual functional capacity ("RFC") "to perform the full range of semi-skilled, light work." (AR 16.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile would be able to perform the requirements of plaintiff's past relevant work as a companion. Accordingly, the ALJ found that plaintiff was not disabled at step four. (AR 19-20.)

## DISPUTED ISSUES

As reflected in plaintiff's cross-motion for summary judgment, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1) Whether the ALJ failed to properly evaluate the medical evidence in assessing plaintiff's RFC; and

2) Whether the ALJ failed to properly evaluate plaintiff's subjective complaints.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation,

the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

# DISCUSSION

A. **Reversal is not warranted based on the ALJ's alleged failure to properly evaluate the medical evidence in assessing plaintiff's RFC.**

Plaintiff contends that the ALJ's physical RFC assessment is deficient because he did not mention in his decision his consideration of Social Security Ruling ("SSR") 02-1p, *available at* 2002 WL 34686281, which deals with obesity. Plaintiff appears to be arguing that, if the ALJ had properly considered SSR 02-1p, he would have found plaintiff more limited in her standing and walking abilities. (*See* ECF No. 11 at 5-7.) Although plaintiff cites the findings on examination of Dr. Dao, the consultative examiner, and maintains those findings are "inconsistent with the ability to engage in the prolonged standing and walking required of light work," (*see* ECF No. 13 at 4), Dr. Dao expressly opined that plaintiff could stand and walk for 6 hours in an 8-hour work day. (*See* AR 325.) Dr. Dao's opinion, based on his own clinical findings and examination of plaintiff, constituted substantial evidence on which the ALJ could properly rely for purposes of his RFC determination. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Based on their review of the medical record, the State agency physicians likewise opined that plaintiff could stand/walk for 6 hours. (*See* AR 86, 111.) Their opinions also constituted substantial evidence upon which the ALJ could properly rely for purposes of his RFC determination. *See Thomas v. Barnhart*, 278 F.3d 947, 957(9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Plaintiff further contends that the ALJ's mental RFC assessment is deficient because it "represents nothing more than an impermissible lay medical opinion." (*See* ECF No. 11 at 7.) The Court disagrees. The ALJ was fulfilling his responsibilities under the

Commissioner's regulations when, after analyzing the record as a whole, he determined that plaintiff's partially credited pain complaints would eliminate her ability to perform skilled work.

### B. Reversal is not warranted based on the ALJ's alleged failure to properly evaluate plaintiff's subjective complaints.

At the administrative hearing, plaintiff attributed her inability to work to abdominal pain caused by constipation and lower back pain. (*See* AR 40-41.) However, plaintiff admitted that her abdominal and lower back pain was alleviated with her daily pain medication and bi-monthly epidurals, to the point where she did not need a doctor. (AR 39-40, 44, 51.) Plaintiff also confirmed that, despite her pain, there had never been a day that she could not provide any help or care for her grandson. (AR 70.)

Plaintiff also testified at the administrative hearing about her daily activities. During a typical day, plaintiff spends time preparing food, sitting down, lying down, and relaxing. In the morning, she wakes up, takes her pain medication, and drives her grandchildren, ages 12 and 14, to school. (AR 49.) Due to her grandson's special needs (psychosis, bipolar, and brain tumor), plaintiff takes care of him and is paid for approximately 50 hours a month of in-home care by In-Home Support Services ("IHSS"). (AR 53, 61.) She cooks breakfast for him daily and supervises him as he eats and dresses. (AR 64-65.) In the evening, plaintiff cooks dinner, helps her grandchildren with their homework, and monitors her grandson while he brushes his teeth. (AR 52, 67.) Plaintiff travels to Lancaster, California and Los Angeles, California for her and her grandchildren's doctor visits. (AR 51-52.)

The ALJ found that, while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (*See* AR 17.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986). Under the "*Cotton* standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991). "General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal quotation marks and citations omitted).

Here, one of the reasons cited by the ALJ in support of his adverse credibility determination was that plaintiff's regular activities suggested that she was more capable than she alleged. (*See* AR 17.)

The Ninth Circuit has noted that there are "two grounds for using daily activities to form the basis of an adverse credibility determination": Evidence of the daily activities either (1) contradicts the claimant's other testimony, or (2) meets the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, while it appears that the ALJ was specifically invoking the first ground, plaintiff's ability to work part-time as a paid caregiver for her disabled grandson actually implicated both grounds. The Court therefore finds that this reason constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Berry v. Astrue*,

622 F.3d 1228, 1234-35 (9th Cir. 2010) (evidence that claimant's self-reported activities suggested a higher degree of functionality than reflected in subjective symptom testimony adequately supported adverse credibility determination); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (evidence that claimant exercised and undertook projects suggested that claimant's later claims about the severity of his limitations were exaggerated); *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

The other reason cited by the ALJ in support of his adverse credibility determination was that "[t]he objective medical evidence and all other evidence is not reasonably consistent with the claimants allegations of total disability under our rules, but it is sufficient to limit the claimant to only semi-skilled work." (AR 17.) In support of this reason, the ALJ proceeded to discuss the examination findings and physician opinions of record. He noted for example that "[m]ost treatment notes list only subjective allegations without clinical findings to support them," and that "[t]hose records that do mention clinical findings note primarily tenderness to palpation, but no acute distress, normal gait, good range of motion throughout the extremities, and nearly full to full strength." He also cited *inter alia* Dr. Dao's consultative internal medical medicine evaluation and Dr. Dao's opinion that plaintiff could perform medium work with frequent postural activities. (*See* AR 17-18.)

Plaintiff contends that this second reason was legally insufficient because an adverse credibility determination may not be based solely on the alleged lack of support in the objective medical evidence. (*See* ECF No. 11 at 10-11; ECF No. 13 at 6.) Here, however, lack of objective medical support was not the sole basis for the ALJ's adverse credibility determination, but just one of the reasons. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The Court therefore finds that the ALJ's second stated reason also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. *See, e.g., Molina*, 674 F.3d at 1113 (ALJ properly rejected claimant's testimony in part because it was inconsistent with medical evidence in the record); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (ALJ properly considered conflict between claimant's testimony about knee pain and specific evidence in the record); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: July 25, 2018

ROBERT N. BLOCK
United States Magistrate Judge