# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LERITA TEVERBAUGH,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | CASE NO. 17cv1522 JM(RNB)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Lerita Teverbaugh has filed Objections to the Report and Recommendation Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment ("R & R"). Defendant did not file a response to the Objections. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the Objections and adopts the R & R in its entirety.

## DISCUSSION[1]

Plaintiff raises two objections to the R & R.[2]

First, Plaintiff argues that the ALJ failed to adequately assess the medical evidence in determining her Residual Functional Capacity ("RFC"). Specifically,

---

[1] The court reviews objections to the R & R <u>de novo</u>. Fed.R.Civ.P. 72(b)(3).

[2] The court incorporates the R & R.

Plaintiff argues that the ALJ failed to consider her obesity and its impact on RFC, failed to mention Social Security Ruling 02-1 (dealing with obesity), improperly relied on the medical opinions of record to support the RFC, and improperly analyzed the medical record in assessing her mental RFC. These arguments were specifically addressed in the R & R and rejected. Dr. Doa, the consultive examiner, and the State agency physicians, considered her medical conditions, impairments, and limitations and concluded that Plaintiff could stand/walk for 6 hours per day.[3] These opinions were properly considered by the ALJ and constitute substantial evidence supportive of the ALJ's RFC determination. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Second, Plaintiff contends that the ALJ failed to properly evaluate Plaintiff's subjective complaints and that the ALJ's determinations are not supported by objective evidence. (Objections at p.6:1-2). In assessing the severity of claimant's pain and other symptoms, the ALJ may reject such testimony only if the ALJ makes specific findings stating clear and specific reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1993). Here, the ALJ cited to Plaintiff's daily activities, Plaintiff's ability to work part-time as a paid care giver for her disabled grandson, the lack of medical evidence supporting the pain testimony, and concluded that the objective medical evidence is not reasonably consistent with Plaintiff's subjective complaints of pain. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record among other factors.").

/ / /
/ / /
/ / /

---

[3] The court also rejects Plaintiff's argument that the "ALJ improperly played doctor in assessing Teverbaugh's mental RFC." (Objections at p.5:1). Plaintiff fails to support this argument with citations to the record thereby preventing the court from adequately assessing this argument.

1 | In sum, the court denies the Objections and adopts the R & R in its entirety.
2 | **IT IS SO ORDERED.**
3 | DATED: September 21, 2018

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties